﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191223-51561
DATE: October 30, 2020

ORDER

Service connection for a disability manifested by oral surgery is denied. 

FINDINGS OF FACT

1. The Veteran had active service from January to April 1976 and from January 1977 to September 1979. 

2. A compensable dental disorder is not shown.

CONCLUSION OF LAW

A dental disability manifested by oral surgery is not proximately due to, aggravated by, or the result of a service-connected disability. 38 U.S.C. §§ 1110, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 3.159, 3.303, 3.310, 4.150 (2020).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The matter is before the Board on appeal from a November 2007 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). The appeal was remanded by the Board in September 2015. 

In May 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the Supplemental Claim lane. The agency of original jurisdiction (AOJ) issued a RAMP supplemental claim decision in January 2019, which is the decision on appeal. 

In the October 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket. However, he was asked by the Board to clarify the issues he was appealing, and in December 2019, he submitted another VA Form 10182 and elected the Direct Review docket. Therefore, his request for a hearing is considered withdrawn, and the Board may only consider the evidence of record at the time of the RAMP supplemental claim decision on appeal. 38 C.F.R. § 20.301.

Further, a claim for service connection for hepatitis was part of the appeal transferred to the AMA by the Veteran’s RAMP election, and this claim was also addressed in the January 2019 supplemental claim decision. However, on neither VA Form 10182 did the Veteran list the hepatitis claim, despite having been giving an opportunity to clarify the issues he was appealing. Therefore, while the representative included the claim for service connection for hepatitis on the April 2020 Appellate Brief, the Board does not consider this claim to be on appeal at this time. If the Veteran again wishes to pursue compensation benefits for hepatitis, he may file a Supplemental Claim with the AOJ.

In a statement received in February 2019, the Veteran reported receipt of Supplementary Security Income (SSI) from the Social Security Administration (SSA). Records associated with his application and award of such benefits are not in the claims file. While VA has a duty to assist veterans in obtaining relevant records, under the AMA this duty ends as of the date of notice of the initial rating decision and does not reopen with requests for Direct Review. Here, VA was not informed that there were potentially relevant records with SSA until after the initial decision, and under the Veteran’s selection of Direct Review, VA cannot obtain or consider those records. 38 C.F.R. § 20.300.

Again, the Veteran may file a Supplemental Claim and submit or identify this evidence at that time. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Specific instructions for filing a Supplemental Claim are included with this decision.

Finally, in an October 2008 statement, the Veteran indicated that he has lost teeth due to poor fillings and “shoddy” root canals performed in service and requested corrective dental treatment. While service connection may be granted for dental treatment purposes in some cases, this issue was not adjudicated by the AOJ and is not before the Board. The Veteran may submit a claim for such benefits to the AOJ if he desires.

Turning to the relevant laws and regulations, service connection may be granted directly as a result of disease or injury incurred in service based on nexus using a three-element test: (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred in or aggravated by service. See 38 C.F.R. §§ 3.303 (a), (d); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009).

The Veteran has claimed a disability associated with oral surgery he underwent in service. The January 2019 rating decision favorably found that he was diagnosed with periodontal disease in May 2018. In addition, VA treatment notes document that he has missing teeth. Therefore, the criterion of a current disability is met. 

The dental conditions for which service-connected compensation benefits are available are set forth under 38 C.F.R. § 4.150, Diagnostic Codes (DCs) 9900-9916. These conditions include loss of whole or part of the mandible, nonunion or malunion of the mandible, loss of whole or part of the ramus, loss of whole or part of the maxilla, nonunion or malunion of the maxilla, loss of the condyloid or coronoid process, or loss of any part of the hard palate. The loss of the alveolar process as a result of periodontal disease is not considered disabling. See Note to DC 9913.

Absent a demonstration of dental trauma, service connection may be considered solely for the purpose of determining entitlement to dental examinations or outpatient dental treatment. A claim for service connection for a dental disorder is also a claim for VA outpatient dental treatment. Treatable carious teeth, replaceable missing teeth, dental or alveolar abscesses, and periodontal disease will be considered service-connected solely for establishing eligibility for outpatient dental treatment as provided in 38 C.F.R. § 17.161. 38 C.F.R. § 3.381(a).

At the May 2018 VA examination, the Veteran asserted that he banged his teeth on the dashboard in a motor vehicle accident (MVA) in service, which led to root canals and ultimately the loss of teeth in service. The MVA is not noted in service treatment records (STRs), but the root canals are documented in service dental records. 

Nevertheless, the record does not reflect that the Veteran experienced any structural damage or bone loss of the jaw as a result that could constitute a service-connected disability or otherwise met the criteria to grant compensation benefits. As indicated, tooth loss alone is not compensable disability. Further, the May 2018 VA examiner related the Veteran’s tooth loss after service to poor dental hygiene. Considering the above, the medical evidence does not support service connection for a disability manifested by oral surgery.

The Board has considered the Veteran’s lay statements that he has a dental disorder as a result of service-connected disability. He is competent to report symptoms because this requires only personal knowledge coming to him through his senses, and the Board is sympathetic to the pain and difficulty he reports he experiences due to poor dentition. However, he is not competent to offer an opinion as to the nature or etiology of his current disorder due to the medical complexity of the matter involved.

Such competent evidence has been provided by the service records and clinical evidence obtained and associated with the claims file. Here, the Board attaches greater probative weight to the clinical findings than to the lay statements. In light of the above, the preponderance of the evidence is against the claim for service connection and there is no doubt to be otherwise resolved. As such, the appeal is denied.

Finally, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record, for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

 

 

L. HOWELL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. M. Schaefer, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.